Irene Rose **HILGER, Appellant,**

v.

Earl George **HILGER, Jr., Respondent.**

Nos. KCD 28675, KCD 28800.

Missouri Court of Appeals,
Kansas City District.

July 31, 1978.

Motion for Rehearing and/or Transfer
Denied Aug. 28, 1978.

William Brandecker, Ronald E. Smull, Brandecker & Smull, Columbia, for appellant.

David V. Bear, III, Bear, Hines & Thomas, Columbia, for respondent.

Before PRITCHARD, P. J., SWOFFORD, C. J., and DIXON, J.

SWOFFORD, Chief Judge.

These appeals arise from a dissolution of marriage proceeding. The trial court entered a decree of dissolution, division of property, an award of custody of two children to the petitioner-mother (appellant), child support, and separate maintenance. The appellant's motion for a new trial was overruled and she took an appeal from that decree, which was lodged here as number KCD 28,675. Thereafter, in the court below, the appellant filed a motion for maintenance, child support pendente lite pending appeal of the principal decree, and for costs and attorney's fee on appeal. A hearing on this motion was had and an order entered allowing appellant such an award for attorney's fee and costs on appeal, and she took an appeal from that judgment, which was lodged here as number KCD 28,800. By order of this Court, these appeals were consolidated and are thus submitted.

The appellant's assignments of error, in summary, are (I) the Court erred in the division of marital property contrary to Section 452.330 RSMo Supp.1973, and that the division was unjust, arbitrary and an abuse of discretion; (II) the Court erred in its award of child support contrary to Section 452.340 RSMo Supp.1973, and that such award was inadequate, arbitrary and an abuse of discretion; (III) the Court erred in failing to specifically set over to the appellant a Union Mutual Insurance Company policy as her separate property and that the portion of the decree dealing with the parties' life insurance policies is vague, indefinite and ambiguous; and (IV) the Court erred and abused its discretion in allowing inadequate attorney's fee and costs to appellant on appeal.

The transcript of the proceedings below consisting of 470 pages has been carefully reviewed. For the purpose of decision of these appeals, the great mass of evidence and exhibits need not here be discussed in detail. The facts now pertinent disclose that the appellant and respondent were married in 1951 and were permanently separated in April of 1973. They both agreed in the court below that the marriage was irretrievably broken and the extent and nature of the marital estate was stipulated. The respondent was a practicing dentist in Columbia, Missouri, in good health, whose adjusted gross income from his profession at the time of the hearing was approximately $50,000.00 and was shown to have gradually increased to that figure during his years of practice. The appellant had devoted her married life to being a mother and housewife, possessed no job skills, and had been under treatment for depression and other mental problems for a number of years. Her doctor testified that she had shown improvement since the separation. He stated that she is an adequate parent and able to care for the children.

There were four children born of the marriage. Carolyn, the older, was 22 years of age at the time of the hearing, did not live with either parent, and was fully emancipated. Randy, 19 years old at the time of the hearing, lived with his sister Carolyn, was earning $100 per week, and testified he was able to take care of himself. Debbie, aged 12 years, and Gene, 10 years, lived with the appellant and the decree of dissolution awarded their custody to her with visitation rights to respondent.

Without setting forth the detailed evidence, the appellant testified that her and the two children's monthly living expenses were about $1,313.00. The evidence showed that the respondent's expenses, including the payment of insurance premiums and taxes, were approximately $3,000.00 per month. There was no real dispute or conflict in this evidence, although the appellant testified that Randy, the older son, needed assistance from his parents when he was attending college to the extent of $100.00 per month, although he did not express such need.

The decree of dissolution awarded the appellant $500.00 per month for her maintenance and $200.00 per month per child for the two younger children.

In addition, the decree awarded the appellant $2,500.00 for attorney's fee and $150.00 suit money. In addition, the court later awarded appellant additional sums of

$750.00 attorney's fee and $750.00 as suit money on appeal, but left the maintenance and child support awards as in the decree of dissolution.

The appellant's position here is that these awards are so unjust and arbitrary as to evidence an abuse of discretion.

It is to be noted that the appellant asks this Court to so find and to award her $250.00 per month for each child in her custody, but makes no request for an increase in her maintenance award. The dispute in this area therefore now involves an increase of $1,200.00 per year in child support. She also asks this Court to increase the award of attorney's fees on appeal to $2,000.00 ($1,250.00 increase) and the award for suit money on appeal to $1,000.00 ($250.00 increase).

▆▆▆ The burden of demonstrating the error and abuse of discretion charged is upon appellant. *Suesserman v. Suesserman,* 539 S.W.2d 741, 743[3] (Mo.App.1976) and cases cited therein. Generally, awards of maintenance and child support in dissolution proceedings rest within the sound discretion of the trial court to be exercised within the legislative guidelines in Section 452.340 RSMo Supp.1973, and the record below is reviewed here only to determine whether that discretion was abused. *Naeger v. Naeger,* 542 S.W.2d 344, 347[6–8] (Mo.App.1976) and cases cited therein. See also, *Roark v. Harvey,* 544 S.W.2d 287, 291[1] (Mo.App.1976) wherein this Court applied the principles of review delineated by the Supreme Court in *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo.banc 1976) and held that the fact that evidence appearing in the record which would support a different conclusion than that reached by the trial court did not warrant a reversal. 536 S.W.2d 30, 32[3], supra.

▆▆▆ While the award made below cannot be said to be liberal, upon the facts in the record, the court below maintains continuing control over the matter of maintenance and child support and will from time to time upon proper showing review the awards and, if necessary and appropriate,

adjust them to the then existing conditions. It cannot be said that the awards for child support, attorney's fees and suit money here under review were arbitrary and unjust, and no abuse of discretion appears. Appellant's Points II and IV are ruled against her.

Appellant's Points I and III are considered together since both basically attack the decree below as it relates to the division of marital property. The decree of dissolution herein made the following division of such property (in summary):

1. *To appellant:* A mink coat and rings and other personal effects, an automobile, silver, and other specific items of household effects, silver coins and trophies. No value was placed on these items, except the automobile, which appellant stated was worth $300.00.

*To respondent:* Century State Bank stock representing an investment of $1,500.00 and, at the time of the hearing, of doubtful value; dental office equipment of undepreciated tax value of $9,691.00; professional accounts receivable, $30,877.25; Mercury automobile, $1,000.00; four (4) paintings, value not shown, and clothing and personal effects.

The court ordered that all other household goods be divided in kind or, in the absence of an agreement, be sold at private sale if parties agreed within six months or thereafter by the Sheriff of Boone County, and the net proceeds (in either event) to be divided equally.

2. The decree further provided that the family home be sold at private sale, if agreed upon, or at public sale after six months by the Sheriff. The net proceeds to be divided equally. The value of this property was $60,000.00–$65,000.00.

3. A pleasure boat owned by the parties to be sold under the same conditions and the net proceeds divided equally. Its value was placed at $1,900.00.

4. U.S. Savings Bonds to be divided equally, in kind, at their current value, which at the time of the hearing was $2,338.12.

5. An allowance to appellant of $15,000.00 "as portion of value of insurance policies as of June 12, 1974".

As previously noted, the appellant attacks this division of marital property (I) because she was not allowed any part of the respondent's dental equipment or accounts receivable or of his self-employment retirement program under the Keogh Plan or a money award in lieu thereof. She further assails the division (III) because the Union Mutual Insurance Company life policy No. 486856 was not set over to her as her separate property.

As part of the argument portion of her brief (but not as a part of the Points Relied On) she complains that a portion of the Century State Bank stock was not awarded to her. On this latter contention it should be noted that the original cost of this stock was only $1,500.00 and it was held in respondent's name. There is no evidence coming from either party as to when it was acquired or whether or not it had any value at the time of the hearing.

Section 452.330 RSMo Supp.1973 provides that the court "shall divide the marital property in such proportions as the court deems just" after considering the statutory guidelines as set out in that section.

■ Before this Court should disturb the lower court's actions under the authority of this statute it should appear from the record that the court erred or abused its discretion in decreeing the division, *In re Marriage of Powers,* 527 S.W.2d 949, 956–957[13] (Mo.App.1975), and a finding to that effect is not justified by the mere fact that the division may not be equal. There is no requirement, statutory or otherwise, that the trial court divide the marital property equally. *Reed v. Reed,* 516 S.W.2d 568, 570–571[5] (Mo.App.1974); *In re the Marriage of Schulte,* 546 S.W.2d 41, 46[3] (Mo.App.1977) and cases cited in Footnote 6, p. 46. Such division is not bound by any formula, "rigid methods or mechanics" but is "virtually unlimited so long as it effects a division contemplated in and mandated by the" statute. The statute and decisions view marital property as a partnership endeavor and "it enunciates a standard for dividing such property which is flexible enough to weigh and balance the respective contributions of the spouses and to accommodate considerations of manifest justness and fairness". *Corder v. Corder,* 546 S.W.2d 798, 804–806[9, 12, 13] (Mo.App. 1977).

■ Directing attention to the appellant's claim of error and abuse of discretion in the court's failure to award her any part of the respondent's dental practice equipment and accounts receivable the respondent testified that the original cost of the equipment was about $49,000.00 but that he would probably accept $10,000.00 for it and that at the time of hearing his accounts receivable were $30,877.25. The record discloses that the parties had claimed depreciation on the dental equipment in their joint income tax returns and that at the time of the hearing and decree the undepreciated tax value was $9,691.00. There was no evidence offered as to the collectibility of the accounts receivable nor of past experience as to the average percentage of loss because of non-collectibility of such accounts.

It is apparent under the circumstances of this case that the interests of the appellant and the two children are best served by leaving the highly profitable dental practice of the respondent undisturbed.

Both parties assert that the court's decree with reference to the life insurance policies is unclear as it relates to the disposition of these policies. This Court is asked to clarify and modify that part of the decree which states "the Court further orders that the petitioner (appellant) be allowed Fifteen Thousand Dollars ($15,000.00) as portion of the value of insurance policies as of June 12, 1974". There are six policies involved but two of them must be treated separately. In this connection, the figures in the record as to the cash value of the policies is slightly at variance but for the present purposes round figures will be used.

■ Policy No. 645435 in the Indianapolis Life Insurance Co. is an annuity policy

which was purchased by the respondent under the provisions of the Keogh Plan as a retirement program. Its cash value was about $16,000.00. A liquidation of this policy would involve a substantial tax liability. Here again, it would appear to the best interests of the parties and the children that this be continued undisturbed.

Policy No. 486856 in the Union Mutual Insurance Co. was issued April 6, 1966 in the face amount of $50,000.00. It has a cash value of $11,500.00. The parties agree that the appellant is the owner of this policy. The respondent has refused to deliver it to her. The best interests of the children would dictate that the custodial parent, appellant, continue this policy free from any claim by respondent.

The remaining four policies are all owned by respondent.

Policy No. 3999286—Occidental Life of California, issued March 28, 1962, in the amount of $10,000.00, cash value $3,000.00.

Policy No. 4000743—Occidental Life of California, issued March 28, 1962, in the amount of $30,000.00, cash value $8,500.00.

Policy No. 616716—Indianapolis Life Insurance Co., issue date not shown, face amount $29,000.00, cash value $10,000.00.

Policy No. 660265—Indianapolis Life Insurance Co., issue date not shown, face amount $61,200.00, cash value $1,000.00.

Allowing for some variance in the cash value computation of these policies, it is apparent that the court intended to set over to the appellant the Union Mutual policy and in addition award her $15,000.00, a total of $26,500.00 as an equitable adjustment of the insurance. The other five policies retained by the respondent, including the Keogh Plan policy, has an approximate value of $38,500.00. It cannot be said that such a division was unjust, arbitrary or evidenced any abuse of discretion.

The decree herein should be modified, however, so as to leave no doubt as to the ownership of these policies and the adjustment of the insurance holdings of the parties. That part of the decree is modified by the elimination thereof the reference to insurance and by including therein the following provision:

"Policy No. 486856 in the Union Mutual Insurance Company issued 4/6/66 in the face amount of $50,000.00 of which Irene Rose Hilger is the owner is hereby set apart and awarded to the petitioner Irene Rose Hilger as her sole and separate property.

The said Irene Rose Hilger is further allowed the sum of $15,000.00 to be paid to her in cash as an adjustment and division to her of the marital property represented by the insurance policies held by the parties."

The respondent, Earl George Hilger, Jr., is awarded, and the following insurance policies are set apart to him, as his sole and separate property:

"Policy No. 645435 in the Indianapolis Life Insurance Co., an annuity policy under the Keogh Plan;

Policy No. 3999286 in the Occidental Life of California, issued 3/28/62 in the face amount of $10,000.00;

Policy No. 4000743 in the Occidental Life of California issued 3/28/62 in the face amount of $30,000.00;

Policy No. 616716 in the Indianapolis Life Insurance Co. in the face amount of $29,000.00;

Policy No. 660265 in the Indianapolis Life Insurance Co. in the face amount of $61,200.00."

The judgment, as modified, is affirmed.

All concur.