**In re the MARRIAGE of Mary WHITE and Thomas G. White.**

**Mary White, Petitioner-Appellant,**

**and**

**Thomas G. White, Respondent.**

**No. 11503.**

Missouri Court of Appeals,
Southern District,
Division One.

June 17, 1980.

Robert D. Benjamin, Ruppert, Westhus & Benjamin, Clayton, for petitioner-appellant.

Maurice B. Graham, Schnapp, Graham & Reid, Fredericktown, for respondent.

PER CURIAM.

Wife appeals from an order granting dissolution of marriage, dividing the parties' marital property, granting her child custody, child support and maintenance. She contends that the trial court erred in three respects: (1) in allowing her husband to pay her $12,000 in five annual installments with interest, rather than in one immediate payment; (2) in only awarding her $160 per child as child support; and (3) in the amount and duration of the maintenance awarded.

Our examination of the record reveals that no error of law appears and that the judgment is supported by substantial evidence and is not against the weight of the evidence. We find that an opinion would have no precedential value, and affirm by memorandum opinion in compliance with Rule 84.16(b), V.A.M.R.

The trial court has broad discretion in dividing marital property and granting maintenance orders. *In re Marriage of Brewer*, 592 S.W.2d 529, 532 (Mo.App.1979). Awards of maintenance and child support rest within the sound discretion of the trial court and we review the record only to determine whether that discretion was abused. *Hilger v. Hilger*, 570 S.W.2d 736, 739 (Mo.App.1978).

In dividing marital assets, installment payments may be proper if justified by the parties' economic circumstances. *Beckman v. Beckman*, 545 S.W.2d 300, 302 (Mo.App.1976).

The following statement from *Hilger v. Hilger*, supra, 570 S.W.2d at 739, is applicable to the amount of child support and maintenance awarded here:

"While the award made below cannot be said to be liberal, upon the facts in the record, the court below maintains continuing control over the matter of maintenance and child support and will from time to time upon proper showing review the awards and, if necessary and appropriate, adjust them to the then existing conditions."

The duration of maintenance may be limited where there is evidence of impending change in the financial condition of the parties. *In re Marriage of Wofford*, 589 S.W.2d 323, 327 (Mo.App.1979). Appellant was attending the University of Missouri at Rolla at the time of the trial. The judgment provided that the maintenance, set at $250 per month, will terminate no later than 30 days after December 31, 1981, the approximate date she contemplated receiving a degree. There was evidence that she was trained for and could secure immediate employment and that if she continues in college, upon her graduation her employment prospects were good for a more lucrative position.

On the record before us we cannot say that the matters complained of constituted an abuse of the trial court's discretion.

The judgment is affirmed.

All concur.