In re the MARRIAGE OF George Thomas PAUL and Elma Lucile Paul.

George Thomas Paul, Respondent,

and

Elma Lucile Paul, Appellant.

Nos. 14080, 14095.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 31, 1986.

William O. Russell, Joplin, for respondent.

Roger K. Fisher, Chuck D. Brown, Warten, Fisher & Lee, Joplin, for appellant.

PREWITT, Chief Judge.

Elma Lucile Paul appeals from a dissolution of marriage decree. She contends that the court erred: in not awarding her interest on $90,000 which respondent was ordered to pay by periodic payments, to be evidenced by a promissory note; in ordering respondent to secure the note by a deed of trust on land owned by a corporation of which he was awarded all of the corporate stock; in valuing the stock of the corporation, a patent held by respondent, and household goods awarded to appellant; and in failing to award appellant periodic maintenance.

The parties' principal marital asset was all of the corporate stock of Tee Tool, Inc. The stock was awarded to respondent. In order "to approximately equalize the division of marital property," respondent was ordered to pay appellant $90,000 in 144 monthly payments of $625. No interest was to be paid by respondent.

The awarding of payments to appellant was proper. In dividing marital

assets, installment payments are proper if justified by the parties' economic circumstances. *In re Marriage of White*, 601 S.W.2d 644 (Mo.App.1980). However, the failure to require interest was erroneous. Though there may be situations where interest is not required, see *Geil v. Geil*, 647 S.W.2d 161, 162 (Mo.App.1983); *Beckman v. Beckman*, 545 S.W.2d 300, 301–302 (Mo. App.1976), here we see no reason why interest should not be paid. In effect, respondent is given the use of appellant's assets without paying for that use. In view of the period of time that the payments are to be made, interest based on that currently allowed for judgments, nine percent per annum, should have been awarded. See *Doyle v. Doyle*, 577 S.W.2d 64, 68 (Mo.App.1978); § 408.040, RSMo Supp.1984.

■ We next discuss appellant's contention that securing the promissory note by a deed of trust executed by Tee Tool, Inc. on land owned by the corporation is void because Tee Tool, Inc. was not a party to the litigation. As appellant says, Missouri cases have stated that a marital dissolution decree may not affect property of a corporation that is not a party, even if the corporate stock is entirely owned by one of the parties to the dissolution. *In re Marriage of Ward*, 659 S.W.2d 605, 607 (Mo.App. 1983); *Penn v. Penn*, 655 S.W.2d 631, 632–633 (Mo.App.1983); *V.M. v. L.M.*, 526 S.W.2d 947, 951–952 (Mo.App.1975).

■ Respondent does not contest the court requiring the corporation to execute the deed of trust. He controls the corporation and we cannot see how having the payments secured by the deed of trust can harm appellant. Our view could be different if respondent was appealing this order, but where he controls the company and is agreeable to it, we find no error prejudicial to appellant. We are not convinced that any of the problems of foreclosure advanced by appellant would occur or that any rights of "new shareholders" could affect the deed of trust. Appellant cites no authority supporting her contentions relating to any of the problems claimed.

We can solve the problem of what happens if the corporation's officers refuse to execute the deed of trust. If upon remand the deed of trust is not properly signed, acknowledged, and delivered within 30 days of the issuance of our mandate, then the $90,000, with interest as herein stated, shall be then due.

In valuing the stock of Tee Tool, Inc., appellant contends that the trial court "placed great weight on book value rather than actual value of the assets of the corporation, and improperly capitalized the earnings of the corporation". The trial court found the value of the stock was more than that stated by the expert witnesses for respondent and less than the value placed on it by the expert witness for appellant.

Although we agree that book value often bears little resemblance to actual value, the record does not establish that the court placed undue weight upon book value or improperly capitalized the corporation's earnings. Nor can we say that the court's findings of value of the patent and the household goods were unsupported by the evidence. That several thousand dollars may have been put into the invention protected by the patent does not mean that the patent has any value. The household goods were valued by both parties and the court's finding was in the range of those values.

■ Maintenance is not required here. In its relevant portions, § 452.335, RSMo 1978, provides that maintenance may be granted only if a spouse:

"(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
(2) Is unable to support himself through appropriate employment. . . ."

Appellant is employed as a school teacher. With her salary and interest on the $90,000 or its balance, or a reasonable return on the $90,000 as all or part of it is paid to her, and her other assets, she should be able to sufficiently take care of herself. Interest on $90,000 at 9% per an-

num is $8,100 annually, or $675 monthly. In her brief, and, of course, not allowing for interest from respondent, appellant contends that after applying her earnings to her expenses, she has a "monthly deficit of $750.95". However, this deficit was based upon expenses which trial testimony revealed included some costs for a minor daughter. Appellant was awarded child support of $250 a month for that child. The additional interest or return that she will now receive, and the child support, will more than offset that deficit. When the child support ends, appellant's expenses should be reduced to where she can maintain her standard of living.

The judgment is modified to provide that appellant receive interest of 9% per annum on the unpaid balance of the periodic payments to be made to her, effective as of September 13, 1984, the date the judgment was originally entered. See *In re Marriage of Runez*, 666 S.W.2d 430, 434 (Mo. App.1983). The judgment is further modified to provide that if a note and deed of trust, in form and substance satisfactory to the trial court, is not executed by respondent and Tee Tool, Inc. within 30 days of the issuance of our mandate, then the entire $90,000 and interest as above stated shall be then due and payable. In all other respects the judgment is affirmed. The cause is remanded for further proceeding in accordance with this opinion. The trial court shall have authority to approve and provide for the terms of said note and deed of trust and for such other documents as are necessary to effectuate them and any other portion of the decree as herein modified.

HOGAN, P.J., and CROW, J., concur.

MAUS, J., recused.