Everett Joseph WHALEY,
Petitioner–Respondent,

v.

Phyllis Jane WHALEY,
Respondent–Appellant.

No. 56339.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 26, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Feb. 27, 1991.

Application to Transfer Denied
April 9, 1991.

Thomas J. Frawley, Larence G. Gillespie, Edgar, Frawley, Gillespie & Brown, Webster Groves, for respondent-appellant.

Earl R. Blackwell, Hillsboro, for petitioner-respondent.

SMITH, Presiding Judge.

Wife appeals from a decree of dissolution challenging here the distribution of property and the failure to award her attorney's fees.

The parties began dating in 1975. In 1978 husband divorced his wife of twenty-six years and the parties were married in 1979. At the time of the marriage wife had virtually no assets. Husband was the sole shareholder of the Jefferson County Ready Mix Company and had over $140,000 in cash. The ready mix company had been owned by husband for over twenty years at the time of the marriage. In 1986 the parties separated and husband filed for dissolution in 1987. At the time of the dissolution hearing in November 1988, husband was 58 years old and wife was 40. Husband died in May, 1989 and his estate has been substituted as a party. We retain the style of the case as it existed upon the filing of the appeal.

Wife raises four issues on appeal. The first has to do with the trial court's order on the disposition and division of real estate acquired during the marriage. The trial court found the three tracts of land

had a total value of $200,000, and established an individual value of each tract. The order provided that for six months after the date of the decree the property may be sold at a price agreeable to both parties and that any one or all of the tracts must be sold if a "price obtainable in cash equals or exceeds the values" found by the court. For a period of sixty days following the six month period either party could purchase the other's interest in any tract on the basis of the values found by the court. Thereafter either party was authorized to proceed by partition action. The proceeds of any sale are to be divided 65% to husband and 35% to wife.

Wife premises error on the provision of the decree involving partition. The effect of such provision is to maintain the parties as tenants in common. Such a decree is improper in the absence of unusual situations where the economics call for such a solution or where one spouse is occupying a residence until the emancipation of a minor. *In re Marriage of Farquhar*, 719 S.W.2d 456 (Mo.App.1986) [3, 4]; *Hebron v. Hebron*, 566 S.W.2d 829 (Mo. App.1978) [5]. There is no unusual situation here and there are no minor children. The portion of the decree maintaining the tenants in common ownership is erroneous. As to that portion, the judgment is reversed and the cause remanded with directions to make disposition of the tracts in a manner which does not vest title in both parties. Such disposition may include public sale of any or all tracts.

Wife next contends that the trial court erred in failing to attribute some portion of husband's closely-held corporation as marital property. This was based upon testimony from an expert that based upon the amount of time husband devoted to the business and the salary he received he did not receive adequate compensation. This, wife contends, establishes that husband gave up salary in favor of retained earnings to increase the value of the corporation. Wife then invokes the doctrine established in *Hoffmann v. Hoffmann*, 676 S.W.2d 817 (Mo. banc 1984) [7–9] and *Heineman v. Heineman*, 768 S.W.2d 130 (Mo.App.1989) [6] that sacrifice of earnings or dividends to increase the value of the separate property constitutes such retained earnings marital property.

Both *Hoffmann* and *Heineman* are based upon the "source of funds" doctrine and both are premised upon a factual scenario where an increase in value of the separately held property has occurred as a result of one spouse's actions in foregoing compensation to cause that increase. Husband testified that at the time of dissolution the value of the business was actually less than at the time of the marriage. The trial court found that the expert did not compare the value at the two relevant dates—marriage and dissolution. There was evidence to support the trial court's finding that no increase in value had occurred and that no portion of the business could be treated as marital property. We find no error.

Wife also objects to the trial court's division of the marital property which awarded 65% to husband and 35% to wife. Sec. 452.330.1 sets forth a series of non-exclusive factors to be considered in dividing marital property. Wife contends the court placed too much emphasis on the contributions of the spouses to acquisition of the property and not enough consideration to the value of the non-marital property set apart to each spouse. We are unable to agree. The division of marital property does not have to be equal, it only needs to be just. Sec. 452.330.1; *Dove v. Dove*, 773 S.W.2d 871 (Mo.App.1989) [2]. The marriage here was of relatively short duration —7 years. Most of the marital property was acquired with funds husband brought into the marriage. Wife brought no assets into the marriage. Wife's share of the marital property will be in the area of $120,000. Wife worked on a part-time basis during the marriage but the cosmetics business which she ran lost money in all but one year. This is not a marriage in which over a period of many years the couple have through their joint efforts succeeded in acquiring substantial marital property. We find nothing unjust about

---

---

the distribution by the court. *Dove v. Dove, supra.*

Wife also posits error in the failure of the court to award her attorney's fees. The court found each party was "readily able to pay his or her attorney." Under the broad discretion granted to the trial court in determining awards of attorney's fees we find no error. *Kieffer v. Kieffer,* 590 S.W.2d 915 (Mo. banc 1979) [5–7]; *Echele v. Echele,* 782 S.W.2d 430 (Mo.App. 1989) [6]; *Dove v. Dove, supra.*

Disposition of Tracts 1, 2, and 3 is reversed and remanded; in all other respects the judgment is affirmed. Costs are divided equally between the parties.

SATZ and CARL R. GAERTNER, JJ., concur.