**Cynthia F. DEFFENBAUGH,
Petitioner–Respondent,**

v.

**Robert E. DEFFENBAUGH,
Respondent–Appellant.**

**No. 63946.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 31, 1994.

David G. Waltrip, Beach, Burcke, Helfers & Waltrip, P.C., Clayton, for respondent-appellant.

Allan F. Stewart, Braun, Stewart & Keefe, P.C., Clayton, for petitioner-respondent.

CRANDALL, Presiding Judge.

Husband, Robert E. Deffenbaugh, appeals from the decree of dissolution of his marriage to wife, Cynthia F. Deffenbaugh. We affirm.

Husband and wife were married in June 1967 and separated in May 1990. Three children were born of the marriage: one in 1971, one in 1973, and one in 1978. Husband and wife entered into a separation agreement, resolving all issues of the dissolution, with the exception of whether 425 shares of Vance Sanders Exchange Fund (mutual fund) constituted marital or separate property.

The 425 shares of the mutual fund were purchased in 1976 with funds received from the sale of some shares of Baxter Laboratories stock (Baxter stock). Wife originally received the Baxter stock as a series of gifts from her parents, beginning in 1967 prior to the marriage and ending in 1973, for a total of 700 shares. Wife received all of the Baxter stock solely in her name and maintained it in her name throughout the marriage.

During the marriage, quarterly statements from the mutual fund were sent to the marital home and husband monitored the progress of the mutual fund. Husband and wife decided to reinvest the dividends in the mutual fund. At the time of dissolution, the original 425 shares of the mutual fund were valued at $103,848.75; the 210 shares acquired through dividend reinvestment were valued at $51,313.50. In the separation agreement, husband and wife divided the additional 210 shares of the mutual fund as marital property; but did not agree to the division of the initial 425 shares of the mutual fund as marital property. After a hearing, the trial court set aside the 425 shares of the mutual fund to wife as her separate property.

On appeal, husband challenges the trial court's determination that the 425 shares of the mutual fund constituted wife's separate property. Husband argues that his acumen and effort contributed to the increased value of the mutual fund and states:

But for the [Husband's] active role in acquiring the [mutual] Fund, in following the market, in deciding on the reinvestment options, and in consulting with the stock broker, the increase in value would never have been realized. This is all the more important when one realizes that the value of the [mutual] Fund increased in value from $25,000.00 to approximately $175,000.00 solely as a result of the [Husband's] labors.

█ Section 452.330.2, RSMo (Cum.Supp. 1993) defines marital property, with certain enumerated exceptions, as "all property acquired by either spouse subsequent to the marriage." In *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 825 (Mo. banc 1984), the Supreme Court of Missouri adopted the source of funds approach and defined the statutory term "acquired" as an on-going process of making payment for acquired property. The source of the funds of the property determines the character of the property as either marital or separate. *Id.* at 824.

█ The increase in value of separate property can constitute marital property if marital assets or labor contributed to "acquiring" that increase, but then, only in proportion to the marital funds or effort devoted to its acquisition. *Meservey v. Meservey*, 841 S.W.2d 240, 245 (Mo.App.W.D.1992). Entitlement to a share of the increased value based on marital effort expended during the marriage requires proof of certain factors, which include a contribution of substantial services by the spouse claiming a share and a direct correlation between those services and the increase in value. *Id.* Enhancement in value of a spouse's separate property solely resulting from appreciation, inflation, changing economic conditions, or circumstances beyond the spouse's control is not jointly acquired property. *In re Marriage of Herr*, 705 S.W.2d 619, 622 (Mo.App.1986). The performance of the usual spousal duties is not such a substantial contribution of effort as to cause the increase in value of separate property to be marital property. *Id.* at 623.

█ The evidence in the present case, viewed in the light most favorable to the decree, does not support husband's contention that his efforts contributed to the enhanced value of the 425 shares of the mutual fund. Wife received the Baxter stock from her parents prior to and during the marriage. The Baxter stock was received and maintained in her name only; and at dissolution, the Baxter stock was set aside to wife as her separate property. When a portion of the Baxter stock was sold in 1976, the proceeds were invested in 425 shares of the mutual fund, again solely in wife's name. Although husband recommended that wife invest in the mutual fund, it was a joint decision to exchange the Baxter stock for the shares of the mutual fund. The only other decision regarding the mutual fund was one to reinvest the dividends directly into the mutual fund;[1] and wife agreed with that decision. Once the decision to reinvest the dividends was made, the dividends were reinvested automatically.

Although husband recites his involvement in monitoring the mutual fund and in making decisions regarding it, he fails to establish that he actively directed the management of the 425 shares of the mutual fund. Although he regularly looked at the statements, corresponded with and spoke to the broker, and gave advice to wife, those activities were within the purview of ordinary and usual spousal duties; and as such, did not transform the increased value of the original shares of the mutual fund into joint property. Wife's separate property was merely exchanged for 425 shares of the mutual fund; the dividends from the shares were reinvested in that fund; and the shares were held for a seventeen year period, during which time they increased substantially in value. The increase in value was attributable not to any direct action by husband, but rather to favorable market trends over that time period as well as to the professional management of the mutual fund. Management made the trading decisions with regard to individual

---

1. As indicated elsewhere in the opinion, husband and wife treated the additional shares of the mutual fund acquired through reinvesting the dividends as marital property and divided the shares as such in the separation agreement. We express no opinion as to whether the additional shares constituted marital property under the law.

stocks within the mutual fund. It can reasonably be assumed that wife was charged a fee, either directly or indirectly, for their services. The trial court properly found that the 425 shares of the mutual fund constituted wife's separate property. Husband's point on appeal is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.