In re MARRIAGE OF Beth Andrews
GARDNER and John David
Gardner,

Beth Andrews Gardner, Petitioner–
Respondent,

and

John David Gardner, Respondent–
Appellant.

No. 19091.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 8, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 1994.

Application to Transfer Denied
Jan. 24, 1995.

King E. Sidwell, Blanton, Rice, Sidwell & Ottinger, Sikeston, for petitioner-respondent.

David G. Neal, Neal Law Firm, Eminence, for respondent-appellant.

PREWITT, Judge.

John David Gardner appeals from a decree dissolving the parties' marriage. He presents five points stating multiple reasons why he believes the trial court erred in dividing the parties' property.

Review is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the judgment, unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990).

Due regard is given to the trial court's determination on the credibility of witnesses. Rule 73.01(c)(2); *Looney v. Estate of Eshleman*, 783 S.W.2d 164, 165 (Mo. App.1990). The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity,

character and other trial intangibles which may not be shown by the record. *In re Marriage of Chilton*, 576 S.W.2d 584, 585 (Mo.App.1979). The trial judge, as the trier of fact, can disbelieve testimony even when uncontradicted. *Robinson v. Estate of Robinson*, 768 S.W.2d 676, 677 (Mo.App.1989).[1]

■ A just division of marital property does not have to be equal. *In re Marriage of Lindenfelser*, 596 S.W.2d 71, 72 (Mo.App. 1980). Division of property is a matter within the sound discretion of the trial court and its decision should not be disturbed unless that discretion is abused. *Lafferty*, 788 S.W.2d at 361.

Respondent is a speech pathologist for the Pemiscot County Special School District which pays her $25,000 annually and she also receives $300 per month for working for the Pemiscot County Health Center. Appellant received a salary of $200,000 a year from his professional corporation and had other income from investments.

The trial court found that the parties had marital assets totaling $1,101,500.02. Of this, appellant was awarded $817,246.49. Respondent received $284,253.53 in value and appellant was ordered to pay respondent $225,000, $75,000 to be paid by October 20, 1993 and the balance in ten equal annual installments with 7.5% interest. Appellant's value received as reduced by the $225,000, and "marital debts" which he was to pay, totaling $30,600, reduces appellant's value of assets to $561,646.49. No maintenance was awarded.

■ Appellant asserts in his first point that the trial court erred in finding that his professional corporation "had both marital and non-marital aspects". He contends the court erred as the corporation had been formed before the marriage, he was adequately compensated for his services to the corporation, and nothing occurred during the marriage to cause any of the shares to be marital property.

Appellant is a dentist whose practice is organized as a professional corporation. All of its shares were issued to him prior to the marriage and remained in his name. Appellant received all of the stock in the corporation but the trial court found that a portion of the value of stock was marital property and apparently considered its value in awarding other assets to respondent.

Under § 452.330.2(5), RSMo Supp.1993, marital property does not include "[t]he increase in value of property acquired prior to the marriage ... unless marital assets including labor, have contributed to such increases and then only to the extent of such contributions."

As sole shareholder, appellant could unilaterally control the amount of his compensation. In addition, there was sufficient evidence for the trial court to find that appellant was inadequately compensated for his labor. That is, that compensation was not so high as to remove any contribution made by appellant's labor to the increase in value of the shares. Thus, a portion of the value of the stock was properly marital property. *See Heilman v. Heilman*, 700 S.W.2d 843, 845 (Mo. banc 1985); *Meservey v. Meservey*, 841 S.W.2d 240, 244–246 (Mo.App.1992). Point one is denied.

■ For his second point appellant asserts that the trial court erred in declaring respondent's "investment accounts" to be her non-marital property. Appellant acknowledges that the initial deposit to those investments were non-marital but contends that additional assets acquired with earnings and interest from them are marital. This point has some merit.

■ Income received during the marriage from separate property is marital property. Therefore, new assets acquired with that in-

---

1. The trial court stated in its findings that there was a delay in completing the evidence because of the reluctance of appellant "to fully and accurately reveal all of the assets and to deliver to" respondent various documents. It found appellant had misstated the amount paid for certain assets previous to the marriage and that a few weeks before this action was filed and through-

out this action appellant made "numerous transfers of large sums of money into various complicated investments, many of which are subject to unusual terms and conditions which has made an accurate evaluation of some marital assets difficult if not impossible. A few days before trial there was liquidation of marital assets which have been difficult to trace."

come are marital. *In re Marriage of Schatz,* 768 S.W.2d 607, 611 (Mo.App.1989). The amendment of § 452.330.2(5) did not change this rule. *Drikow v. Drikow,* 803 S.W.2d 122, 125 (Mo.App.1990).

■ An erroneous declaration in designating separate property as marital property does not call for a reversal where the decree is nonetheless fair. *Degerinis v. Degerinis,* 724 S.W.2d 717, 721 (Mo.App.1987); *In re Marriage of Garrett,* 654 S.W.2d 313, 316 (Mo.App.1983). "Error by the trial court in classifying property is not necessarily prejudicial error." *Spidle v. Spidle,* 853 S.W.2d 311, 316 (Mo.App.1993). "This court does not reverse ... unless ... error was committed ... materially affecting the merits". *Id.* Here, the result was fair under these circumstances and although the court erred, no change in the result is called for.

■ Appellant contends in his third point that the trial court erred in failing to properly consider the tax consequences of the property distribution. He asserts that he will be taxed severely, in a manner not fully substantiated by the record. His assertion is based on the necessity of immediate liquidation of certain assets allocated to him. We see no merit to this point.

The record reflects, and appellant acknowledges, the trial court considered tax consequences but failed to accept the scenario put forth by appellant. While the court should consider tax consequences, there may be alternates to immediate liquidation which could reduce those consequences. *Schneider v. Schneider,* 824 S.W.2d 942, 945 (Mo.App. 1992). *See also In re Marriage of Lewis,* 808 S.W.2d 919, 924 (Mo.App.1991); *Clark v. Clark,* 801 S.W.2d 95 (Mo.App.1990); *In re Marriage of Ross,* 772 S.W.2d 890 (Mo.App. 1989). This point is denied.

■ For his fourth point appellant contends the trial court erred in the value it placed on the marital interest in a house, which appellant purchased before the marriage. The court found the house had been purchased four months prior to the marriage at a price of $75,500, $8,000 of which was paid for with appellant's separate property. The house had a value of $87,000 at time of trial. Appellant states that at most only $67,500 of the purchase price was paid with marital funds and because respondent "failed to show how any investment of marital funds or labor directly contributed to any increase in the value of that asset then the marital estate cannot receive any credit for any proportional share of any increase in value of that property."

The trial court used the formula from *In re Marriage of Herr,* 705 S.W.2d 619, 625 (Mo. App.1986), to determine the allocation of the value of the residence between marital and non-marital property. Appellant contends that the language "only to the extent of the contributions" in the 1988 amendment of § 452.330.2(5), RSMo Supp.1993 replaces the proportional allocation in *Herr* with a dollar for dollar reimbursement to the marital estate. The *Herr* formula is used to allocate the increase in value of an asset acquired partly through marital sources and partly through non-marital sources and allocates the increase in value proportionally to the contributions from the two categories.

Husband cites *Schneider,* 824 S.W.2d at 946 to support his argument under this point. We do not so read *Schneider.* It does not say that the 1988 amendment to that section changed the law, but cites *Hoffmann v. Hoffmann,* 676 S.W.2d 817 (Mo. banc 1984), on which *Herr* is based, as the law. *Deffenbaugh v. Deffenbaugh,* 877 S.W.2d 186, 188 (Mo.App.1994), and *Meservey,* 841 S.W.2d at 245 hold that the new statute means an increase in value of an asset during marriage is marital property in proportion to the marital resource contributing to the increase. We conclude that the trial court correctly computed the marital value in the house and deny this point.

■ For his remaining point, appellant states:

"The trial court erred in determining it was necessary to give Beth a $225,000.00 cash judgment in order to 'balance the equities' because the law does not require an equal division of property but only a fair one depending on all relevant factors, and in this case because the parties had no children, kept their assets separate, and

generally lived separate lives, it was inequitable to divide the property on any basis other than their relative contributions to the acquisition of the assets and because John made the greater contribution to the acquisition of all of the marital property the greater portion should have been set aside to him and the property divided according to what their separate contributions produced." [2]

Appellant contends that because he accounted for "about 90% of what the parties acquired the property should have been divided so that he would receive what he contributed and Beth [respondent] should get only what she contributed." Appellant cites various Missouri cases pointing out that a division of property does not have to be equal to be "just". He cites *Whaley v. Whaley*, 805 S.W.2d 681 (Mo.App.1990), for the proposition that "[i]f the contributions of the parties to the acquisition of the property is disproportionate, then so should the division of assets be disproportionate." *Whaley* does not support appellant as it only rejected the argument that the court overweighted the relative contributions of the parties. The case does state that § 452.330.1, RSMo 1986, requires consideration of all relevant factors, one of which is the contribution of each spouse.

Appellant appears to rely primarily upon *Kobylack v. Kobylack*, 110 Misc.2d 402, 442 N.Y.S.2d 392 (1981), stating "[i]n many respects this case is similar to the circumstances found" there. Assuming appellant's interpretation of the case is correct, *Kobylack* was based upon New York law and is inconsistent with the statutes and judicial decisions of Missouri. The trial court did not abuse its discretion in ordering the cash payments. This point is denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.

---

2. The trial court may order payments of cash if justified by the parties' economic circumstances in effecting a just division of marital property.

*In re Marriage of Paul*, 704 S.W.2d 278, 279 (Mo.App.1986); *In re Marriage of White*, 601 S.W.2d 644 (Mo.App.1980).