Kathryn M. BARNES, Respondent,

v.

Donald E. BARNES, Appellant.

No. WD 49125.

Missouri Court of Appeals,
Western District.

June 20, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1995.

C. John Forge, Jr., Independence, for appellant.

Kenneth C. Hensley, Hensley & Hensley, Raymore, for respondent.

Before ULRICH, P.J., and LOWENSTEIN and ELLIS, JJ.

ULRICH, Presiding Judge.

Donald E. Barnes appeals the division of marital property in the decree of dissolution of his marriage to Kathryn M. Barnes. He contends that the trial court erred (1) in failing to determine that a house in Roeland Park, Kansas, was his nonmarital property and (2) in valuing and distributing the marital assets.

## FACTS

The parties were married in February 1948, and they separated in October 1990. Mrs. Barnes filed her petition for dissolution of marriage in December 1992. The parties lived on a farm in Carroll County and raised cattle until 1984. They purchased 200 acres of the farm in 1951 from Mrs. Barnes's father. In 1972, they bought an additional 183 acres. Mrs. Barnes was born on the land and was the third generation of her family to live on the farm. She continued to reside there after the separation in 1990 and operated the farm alone although her health deteriorated. Since the separation, Mr. Barnes

has lived in a house he purchased in Roeland Park, Kansas. In 1984, Mr. Barnes began driving a semi-truck on a full time basis and earned at least $40,000 a year.

The court awarded Mrs. Barnes the family farm, cattle, and farm equipment. Mr. Barnes was awarded the house in Roeland Park and the 1994 Peterbilt semi-truck. The court also divided household furnishings, bank accounts and other automobiles.

## STANDARD OF REVIEW

On appellate review, a trial court's decree will be sustained unless no substantial evidence supports it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court is vested with considerable discretion in dividing marital property. *In re Marriage of Brown,* 884 S.W.2d 371, 375 (Mo.App.1994). An appellate court will only interfere with a trial court's property division if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Thompson v. Thompson,* 853 S.W.2d 410, 413 (Mo.App. 1993).

As the trier of fact in a marriage dissolution, the trial court decides the weight and value given to the testimony of witnesses. *Ikonomou v. Ikonomou,* 776 S.W.2d 868, 869 (Mo.App.1989). On appeal of the dissolution decree, the evidence is viewed in a light most favorable to the decree, and contrary evidence is disregarded. *Id.* at 869–870.

## OPINION

### HOUSE IN ROELAND PARK, KANSAS

In his first point on appeal, Mr. Barnes claims the court erred in failing to determine that the house in Roeland Park was nonmarital. He alleges that the house was his separate property and should have been set aside before division of the marital property. He further alleges that had this been done, the resulting division of marital assets would have been unduly weighted in Mrs. Barnes's favor.

In a proceeding for disposition of property, the court must first set apart to each spouse his nonmarital property before dividing the marital property. § 452.330.1, RSMo 1994. All property acquired by either spouse after the marriage and before the decree of dissolution of marriage is presumed to be marital property. § 452.330.3, RSMo 1994. The presumption of marital property may be overcome by a showing that the property was acquired by a method listed in subsection 2 of the statute. *Id.* Subsection 2 of section 452.330, RSMo 1994, defines marital property as all property acquired by either spouse subsequent to the marriage except:

(1) Property acquired by gift, bequest, devise, or descent;

(2) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise, or descent;

(3) Property acquired by a spouse after a decree of legal separation;

(4) Property excluded by valid written agreement of the parties; and

(5) The increase in value of property acquired prior to marriage or pursuant to subdivisions (1) to (4) of this subsection, unless marital assets including labor, have contributed to such increases and then only to the extent of such contributions.

§ 452.330.2, RSMo 1994.

Mr. Barnes testified at trial that the Roeland Park house valued at $70,000 by the court was initially acquired with funds from an inheritance from his father and his uncle. He presented evidence of Certificates of Deposit valued at approximately $35,000 representing the inheritances. He paid $35,000 as a down payment on the house in 1990. Mr. Barnes also testified that he kept the cd's and, after he acquired it, title to the house in his name alone. Mr. Barnes presented sufficient evidence to rebut the presumption that the first $35,000 of equity in the house was marital property.

Mrs. Barnes argues that the evidence shows there is $50,000 of equity in the house and that the extra $15,000 of equity is marital property. She assumes that because Mr.

Barnes can not trace the extra equity to any other separate property, the funds used to obtain the equity came from Mr. Barnes's income which was marital property.

An increase in the value of separate property remains separate property unless marital assets contributed to such increase. § 452.330.2(5), RSMo 1994. "Entitlement to a share of the increased value based on marital effort expended during the marriage requires proof of certain factors, which include a contribution of substantial services by the spouse claiming a share." *Deffenbaugh v. Deffenbaugh*, 877 S.W.2d 186, 188 (Mo.App.1994). Mrs. Barnes offered no proof at trial that the increase in the equity of the Roeland Park house resulted from contributions by her. All $50,000 of equity in the house, therefore, was Mr. Barnes's separate, nonmarital property. The trial court erred in not setting aside the house as Mr. Barnes's separate property before dividing the marital property.

## DIVISION OF MARITAL PROPERTY

As point two, Mr. Barnes contends that the trial court erred in valuing and dividing the marital assets. He claims the values and distributions are inequitable and are unduly weighted in favor of Mrs. Barnes.

An equal division of marital property is not required upon the dissolution of a marriage; however, the division must be fair. *Anderson v. Anderson*, 850 S.W.2d 404, 406 (Mo.App.1993). Section 452.330, RSMo 1994, requires the trial court to divide the marital property in such proportions as the court deems just after considering all relevant factors including:

(1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

§ 452.330.1, RSMo 1994.

Mr. Barnes first disputes the trial court's valuation of the farm at $114,900. Mrs. Barnes testified that the farm had a value of $300 per acre or $114,900 based on FHA appraisals. Mr. Barnes submitted a professional appraisal of $209,000. He claims that in accepting Mrs. Barnes's estimated value of the farm instead of the professional appraisal, the trial court's value was too low and, therefore, the division of property was unduly weighted in Mrs. Barnes's favor. The trial court, however, is entitled to believe or disbelieve any testimony and the $114,900 value is within the range of evidence of the property's value.

Next, Mr. Barnes claims the court erred in valuing various bank accounts awarded to both parties. The proper date for valuing marital property is the date of trial. *In re Marriage of Gourley*, 811 S.W.2d 13, 20 (Mo.App.1991). Mr. Barnes first argues the court erred in valuing Mrs. Barnes's account at Citizens Bank & Trust at $840. He contends that the exhibits at trial clearly show the value of the account at that time was $10,902.83. Mrs. Barnes, however, testified at trial that a $10,000 note had been paid off recently from the account. The court's value of $840, therefore, accurately depicted the value of the account at the time of trial. The trial court did not abuse its discretion in valuing the Citizens Bank account.

Mr. Barnes also claims the court erred in valuing two bank accounts awarded to him. The decree lists the Boatmen's Bank and the Country Hills Bank accounts at $20,710.87 together. Mr. Barnes argues that there was insufficient evidence at trial to support the valuation of the court. He testified at trial that the value of the accounts was $7500. He also admitted that the value of the accounts six months prior to trial was approximately $25,000 and that taxes caused the dissipation of the accounts. He failed, however, to pres-

ent any evidence of the taxes. Obviously, the trial court chose to disbelieve Mr. Barnes's testimony regarding the dissipation of the accounts. The evidence was sufficient to support valuation of $20,710.87.

 Mr. Barnes also complains about the trial court's valuation of his semi-truck. He claims the court should have subtracted the debt owed on the truck to obtain a value. Debts incurred during the marriage are not marital property, and the trial court is under no obligation to distribute the debts. *Schneider v. Schneider,* 824 S.W.2d 942, 948 (Mo.App.1992). The trial court, however, is required to consider the marital debts in establishing a fair division of marital property. *Id.* The trial court was not required to distribute the debt on the truck to Mr. Barnes. Instead, it was to consider all of the marital debts in dividing the marital property equitably.

The trial court's division of marital property was not an abuse of discretion. By setting aside the Roeland Park house to Mr. Barnes as his separate, nonmarital property, the resulting division of marital property would be $189,730 to Mrs. Barnes and $120,495 to Mr. Barnes. Mrs. Barnes would receive 61% of the marital property while Mr. Barnes would receive 39%. Additionally, the court distributed $46,000 or 39% of the marital debt to Mrs. Barnes and $71,263.36 or 61% to Mr. Barnes. This division is fair and equitable considering the relevant factors. The evidence established that each spouse would have a place to live and the ability to be self sufficient. Mr. Barnes was capable of earning at least $40,000 a year as a truck driver. Mrs. Barnes had run the farm alone since 1984 even though her health was deteriorating. Further evidence at trial showed that in 1992 Mr. Barnes was required to pay Mrs. Barnes temporary maintenance. Although he complied with the order for a few months, he eventually discontinued paying the maintenance. The trial court found that it was highly questionable whether Mr. Barnes would pay periodic maintenance to Mrs. Barnes without further litigation to compel payment. The court decided instead to award the farm, cattle and equipment to Mrs. Barnes to provide for her financial inde-

pendence. Considering that Mr. Barnes should receive a $70,000 house as his separate property, the trial court's division of marital property was not abuse of discretion. The judgment is affirmed as modified.

All concur.