**934**

■

### Sharon BUSBY, Plaintiff–Appellant,

v.

### Michael BUSBY, Defendant–Respondent.

### No. 20633.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 14, 1996.

Scott Fetterhoff, Lichtenegger, Payne, Weiss, Hahn & Fetterhoff, L.L.C., Jackson, for appellant.

Stephen P. Gray, Marble Hill, for respondent.

PREWITT, Judge.

Following non-jury trial, the trial court ruled in favor of Defendant, stating that "Plaintiff lacks credibility" and "Plaintiff bore the burden of proving the alleged arrearage. Due to Plaintiff's lack of credibility, she has failed to meet that burden." Plaintiff appeals, contending that the evidence established that she was entitled to back child support.

Both in answers to interrogatories and in her testimony, Plaintiff denied receiving certain payments. After a bank official testified and copies of checks were entered in evidence she retook the stand and said she now remembered receiving certain checks in payment of child support.

Under this Court's limited review, the judgment must be affirmed. Review of a non-jury matter is under Rule 73.01(c). As that rule has been interpreted, this Court is to affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Thurmond v. Moxley,* 879 S.W.2d 709, 711 (Mo.App.1994).

Due regard is given by an appellate court to the trial court's determination on the credibility of witnesses. Rule 73.01(c)(2). "The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity, character, and other trial intangibles, which may not be shown by the record." *Ross Farms, Inc. v. Moore,* 873 S.W.2d 308, 309 (Mo.App.1994). "The trial judge, as the trier of fact, can disbelieve testimony, even when uncontradicted." *In re Marriage of Gardner,* 890 S.W.2d 303, 305 (Mo.App.1994).

The judgment is not against the weight of the evidence and no error of law appears. An opinion beyond this "memorandum decision" would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

BARNEY, P.J., and GARRISON, J., concur.