**In re the Marriage of Doris ANDERSON, Petitioner–Respondent,**

v.

**Robert T. ANDERSON, Respondent–Appellant.**

**No. 42206.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 2, 1980.

---

Harold E. Horsley, Jr., Valley Park, for respondent–appellant.

Hal B. Coleman, Clayton, for petitioner–respondent.

CRIST, Judge.

Proceeding to dissolve a marriage. Husband claims the trial court erred when it concluded that the couple's jointly titled residence was marital property, and further erred when it awarded wife maintenance of $300.00 per month.

Husband and wife married May 6, 1976, separated on August 26, 1978, and their marriage was ultimately dissolved on September 25, 1979. No children were born of the marriage.

Husband owned his own home prior to May 6, 1976. Afterward, and for the early part of their marriage, the couple resided therein. Husband then sold the house for $82,500.00. It had an equity value of $50,000.00. Payment was made by two checks, one for $21,000.00 and the other for $29,000.00. Both checks were issued to husband and wife jointly.

Wife endorsed the $21,000.00 check and gave it to husband. Both parties endorsed the $29,000.00 check and used it as a down payment on the new, $62,500.00 home now at issue. Title to the new residence was taken by husband and wife as tenants by the entirety. Wife testified that husband told her he wanted the new home to be theirs equally, but husband paid all subsequent house payments.

Husband's first contention must be resolved against him because he allowed title to the home to become a tenancy by the entirety subsequent to the marriage. Thus, the home is presumptively marital property, and husband had the burden to prove otherwise. This burden he failed to sustain. *Conrad v. Bowers*, 533 S.W.2d 614, 622–23 (Mo.App.1975); *Forsythe v. Forsythe*, 558 S.W.2d 675 (Mo.App.1977).

The divorce decree awarded wife maintenance of $300.00 per month until, "she is employed full time, remarried or by order of this court." Husband complains that the trial court did not adhere to the dictate of § 452.335, RSMo. 1978 when it determined that wife should receive such maintenance. We find no abuse of the trial court's broad discretion. See *N.J.W. v. W.E.W.*, 584 S.W.2d 148 (Mo.App.1979).

Under § 452.335, RSMo. 1978, maintenance to wife is proper if she,

"(1) Lacks sufficient property, including marital property apportioned to [her], to provide for [her] reasonable needs; *and*,

(2) Is unable to support herself through appropriate employment . . . ."

Wife earned $1,000.00 per month prior to the dissolution, but had lost this job by the time the trial court rendered its decree. She was apportioned $18,750.00 as her share of the income producing marital property. She had expended her savings, was unemployed, and could not live on the interest $18,750.00 produced. She needed $362.00 per month to pay her expenses and make ends meet.

Husband, on the other hand, earned and was earning $1,800.00 per month. Accordingly, although wife is healthy and has a duty to seek employment (See *Brueggemann v. Brueggemann*, 551 S.W.2d 853 (Mo.App.1977)), the trial court properly provided for her present, temporary needs. If wife refuses to actively solicit employment or fails to find a job within a reasonably short period of time, husband may seek relief under the, "order of this court" part of the trial court decree.

Husband last complains about that portion of the order which defines "full time employment" as, "earnings in excess of $550.00 per month." The trial court had amended its order to include this definition pursuant to husband's motion that it specify that which in considered "full time employment." Inasmuch as there was no evidence that wife's needs exceeded $362.00 per month, the specified $550.00 per month employment figure appears arbitrary and not supported by substantial evidence. *Abney v. Abney*, 575 S.W.2d 842, 844 (Mo.App. 1978). In order to expedite finality of this case, we will amend the decree to conform to the evidence.

Judgment of the trial court is affirmed with the following amendment: In paragraph 2, "full time employment" is defined as earnings in excess of $362.00 per month.

DOWD, P. J., and REINHARD, J., concur.