**Danny MARRS, Appellant,**

v.

**Paula MARRS, Respondent.**

**No. WD 32852.**

Missouri Court of Appeals,
Western District.

Feb. 16, 1982.

Robert G. Smith, Brookfield, for appellant.

Lloyd A. Cleaveland, James P. Valbracht, Chillicothe, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

In this proceeding to modify the custody order of a 1977 dissolution decree, the motion of appellant husband seeking custody on a change of circumstances was denied and he appeals from that judgment. Affirmed.

The parties were divorced in 1977 under a decree which awarded custody of the minor

child, then age twenty-one months, to the wife. The present motion was filed in February 1981 and was heard by the court in June. At the close of movant husband's evidence, the motion of the wife for judgment was sustained on the ground that insufficient evidence of change in circumstances since the date of the decree had been adduced.

In two related points, appellant contends that his evidence, when viewed most favorably to his claim of a change of conditions and, when accorded all favorable inferences, was sufficient to raise the issue and was adequate to survive respondent's motion. That motion he characterizes as a motion to dismiss at the close of the evidence. Appellant also cites cases where a change in circumstances has been found to justify modification of custody and contends that facts shown here were comparable and require a similar result.

█ Appellant's argument goes astray because he employs an erroneous standard of proof and of appellate review. The doctrine of favorable inferences applies to summary judgment disposition, *Gunning v. State Farm Mutual Automobile Insurance Co.*, 598 S.W.2d 479 (Mo.App.1980), and to submissibility of the cause in jury tried cases. *Jordan v. Robert Half Personnel Agencies of Kansas City, Inc.*, 615 S.W.2d 574 (Mo.App.1981). It has no application here in a court tried case.

█ In part, appellant has been misled by the order entered by the trial court. That order recites dismissal of the modification motion on the motion of the wife to that effect. In fact, the wife did not move for dismissal but for judgment on the merits of the case on appellant's evidence alone. A motion to dismiss at the close of the evidence has no place in a suit in equity. *Cunningham v. Kinnerk*, 230 Mo.App. 749, 74 S.W.2d 1107, 1115 (1934). The effect of a motion for judgment at the close of the proponent's case is to submit the case for decision on the merits in a court tried case.

The trial court then is entitled to weigh the evidence. *Lee v. Smith*, 484 S.W.2d 38, 42 (Mo.App.1972). Even if the evidence is uncontradicted, the court is entitled to disbelieve oral evidence, in whole or in part. *In re Marriage of Baker*, 584 S.W.2d 449 (Mo. App.1979).

█ The issue on this appeal is not, as appellant perceives it, whether a review of the evidence demonstrates a submissible case immune to a motion for dismissal but whether the result is against the weight of the evidence and discloses a manifest abuse of discretion. *Eastes v. Eastes*, 590 S.W.2d 405, 408 (Mo.App.1979). Measured by this standard and taking into account the superior opportunity of the trial judge to gauge the weight and credibility of the witnesses' testimony, we cannot conclude that the trial court manifestly erred in deciding that the evidence did not warrant a change of custody.

The judgment is affirmed.

All concur.