**Mary A. TISIUS, Appellant,**

v.

**Donald C. TISIUS, Respondent.**

**No. 45483.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 9, 1982.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Dec. 17, 1982.

Martin, Bahn & Cervantes, James M. Martin, Mark R. Bahn, Leonard P. Cervantes, St. Louis, for appellant.

Rothman, Sokol & Adler, St. Louis, for respondent.

CRIST, Judge.

Appeal from $5,000 award to husband in a dissolution of marriage decree. Wife asserts the award to husband is based on an erroneous trial court finding that the marital residence was marital property. We disagree. Judgment affirmed.

This was the second marriage between the two parties. They were first married in November, 1968, and were divorced in May,

1973. They remarried in May, 1974, and were again divorced on October 10, 1979.

During the second marriage, wife received sole title to land by inheritance and gift from her aunt and uncle. In May, 1977, she sold this land for $75,000 and deposited the money in an account solely in her name. In June, 1977, she purchased a home for $67,000. Title to this home was taken jointly in the names of her and husband. She paid $53,160.85 of the purchase price out of her separate $75,000 account. The balance of approximately $13,000 was paid by a note and deed of trust signed by both her and husband. Wife paid all subsequent mortgage payments, taxes, repairs, insurance and all other expenses on the home. Wife believes she successfully rebutted the presumption that property acquired subsequent to the marriage and prior to a decree of legal separation is marital property, as required by § 452.330, RSMo.1978.

■ Although wife's testimony at trial tended to rebut the marital property presumption, husband's testimony tended to prove wife intended the transfer to him as a gift. *Conrad v. Bowers,* 533 S.W.2d 614, 622 (Mo.App.1975). Wife had the burden of showing by clear and convincing evidence the transfer of the home to the Tisiuses as tenants by the entirety was not intended as a gift. *Id.*

■ While there was evidence indicating the wife did not intend to make a gift of the marital residence to husband, husband testified to the contrary. He testified that while he made no mortgage payments, he was liable for same. He also testified wife wanted him to have an interest in the house. Furthermore, he understood he had an interest in the house as it was owned by the parties as tenants by the entirety. In short, he regarded the house as his home. A favorable finding on this evidence was sufficient for the trial court to find the house was marital property. *Anderson v. Anderson,* 605 S.W.2d 524, 526 (Mo.App. 1980).

Credibility is for the trial court to assess, and the court is entitled to disbelieve oral evidence in whole or in part. *Grinnell Mutual Reinsurance Co. v. Scott,* 628 S.W.2d 355, 357 (Mo.App.1981); *Marrs v. Marrs,* 628 S.W.2d 950, 951 (Mo.App.1982).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.