**Rosalie COOK, Respondent,**

v.

**Charles W. COOK, Appellant.**

No. 49950.

Missouri Court of Appeals,
Eastern District,
Division Six.

March 18, 1986.

Charles F. James, Law Offices of James & Swann, Wentzville, for appellant.

Wayne T. Schoeneberg, Law Offices of Knight & Schoeneberg, St. Charles, for respondent.

CLEMENS, Senior Judge.

Husband Charles W. Cook has appealed from the custody and monetary provisions of the dissolution decree favorable to wife Rosalie Cook.

After fifteen years of marriage the husband left the marital home and the parties' thirteen-year-old daughter. In the now challenged decree the trial court ruled the wife was to have primary custody of their thirteen-year-old daughter with the father having twice-monthly visitation in his mother's home; the father was ordered to pay mother $40 a week for child support.

Husband challenges the decree on three grounds: No evidence unlimited child visitation would endanger the daughter's health or emotional development; the evidence failed to justify awarding the wife 86% of the marital property and ordering husband to pay 65% of the marital debts; erred in awarding the wife $1,000 toward her attorney's fees. These in turn.

■ As to custody the father relies on the daughter's declared wish to visit her father often and he contends the custody award was improperly based on his marital misconduct. In the trial court were husband's admission: At work he and his employees often smoked marijuana; during the marriage he regularly and repeatedly had sex with at least three other women; that he sold marijuana to others; that he often smoked marijuana when his daughter was present. Further, immediately on separation husband began living with a 23-year-old tavern entertainer in her trailer home; with the daughter present, they smoked marijuana while watching movies of naked women; this made the daughter uncomfortable.

On appeal, dissolution decrees are not reviewable de novo when, as here, there is substantial supporting evidence. *Budzinski v. Budzinski*, 632 S.W.2d 527 [1] (Mo. App.1982); *In re Marriage of Powers*, 527 S.W.2d 949 [1, 2] (Mo.App.1975). Since the evidence showed the child was exposed to unwholesome conditions we deny husband's point here that unlimited child visitation with him would be harmless to the child.

By his second point husband claims error in awarding the wife 86% of the marital property and charging him with 65% of marital debts.

Under Sect. 452.330, when dividing marital property the trial court shall divide it in such proportion as the court deems just after considering such factors as the contribution of a wife as a homemaker and custodian of a child, and also the husband's marital misconduct.

■ The trial court ordered wife to pay the $14,000 home mortgage and $1,730 in

other debts. It ordered husband to pay $17,000 due the Internal Revenue Service, $11,239 business debts and $1,450 as half of an auto debt. Husband concedes the cited statute does not require an equal division where one spouse, as here, has been guilty of misconduct. *Hogan v. Hogan,* 651 S.W.2d 585 [5, 6] (Mo.App.1983).

The evidence showed although husband was currently unemployed he admitted he could earn $20,000 a year. After making the family house payments for ten years the husband decided his wife should make these payments and she has done so for five years.

Considering this evidence we follow the principles ruled in *Marriage of Schulte,* 546 S.W.2d 41 [3, 4] (Mo.App.1977). There the court ruled:

> "Appellate courts will neither scour and nit-pick the record for accounting error nor second-guess the trial court's balance of the equities, but will interfere only if the division of property is so heavily and unduly weighted in favor of one party as to amount to an abuse of judicial discretion."

See also *Arp v. Arp,* 572 S.W.2d 232 [8] (Mo.App.1978) holding:

> "Even though the wife was awarded approximately 72 per cent of the marital property, the statute does not require the court to make an equal division of the property but only a just division,... and this is certainly true where one spouse has engaged in marital misconduct."

Accordingly we deny husband's contention of error in dividing marital property and debts.

■ This brings us to husband's contention of error in charging him with $1,000 of wife's attorney's fee. The wife was then earning $868 a month. We note she had to maintain the home for herself and the daughter. She had to pay $118 monthly mortgage payments and $151 monthly utility bills. This left her about $500 a month for other expenses. Her counsel fees exceeded the challenged award by $2,525.

In *Abell v. Abell,* 681 S.W.2d 508 [3, 4] (Mo.App.1984) the trial court awarded the wife $3,500, one-half the value of her attorney's fee. Affirming, we tersely declared: "The court's broad discretion in dissolution cases applied to attorney's fees." So it is here, and we deny husband's final point.

Finding no error we affirm.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.