Kenneth L. BUCHHEIT,
Respondent–Appellant,

v.

Patricia F. BUCHHEIT,
Petitioner–Respondent.

No. 55007.

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 4, 1989.

James Michael Payne, Cape Girardeau, for respondent-appellant.

Richard Mark Goldstein, Cape Girardeau, for petitioner-respondent.

CRANDALL, Judge.

Husband, Kenneth L. Buchheit, appeals from the decree of dissolution of marriage from wife, Patricia F. Buchheit. We affirm.

Husband and wife were married on February 29, 1984. They separated on July 22, 1986. At the time of the dissolution, wife was 41 years of age and husband was 40. No children were born of the marriage. Wife had a daughter who resided with the parties.

Husband and wife both worked for a state university. At the time of dissolution, wife was earning approximately $940 per month. Husband's monthly earnings were about $1,116, plus $200 for a refrigeration rental business which he operated for the university. Husband also raised Apaloosa horses. During the marriage, he and wife resided in a house on husband's parents' farm for which they paid $100 per month in rent. Husband furnished considerable labor to make improvements to the parents' farm incident to his horse business, with his parents purchasing the building materials for these projects. Husband supplemented his income by working as a carpet layer; but a back injury made it unlikely that he could continue to earn this extra money.

Husband admitted to having an extramarital affair with another university employee who worked in the same department as he and wife. He contended that the affair began only after the parties separated and wife filed the dissolution action. Prior to that time, husband asserted that he was merely friends with the woman. At the time of dissolution, the woman with whom husband was involved was pregnant.

Wife testified that husband rejected her sexually. She also accused him of physically abusing her, of threatening her with physical abuse, and of throwing objects at her. All of these incidents occurred during husband's frequent outbursts of anger. Husband denied these charges.

During the marriage, wife left husband on several occasions for short periods of time. She was suspicious and jealous of husband's relationships with other women.

In the decree of dissolution, the trial court found that husband's conduct contributed substantially to the breakdown of the marriage. The court specifically noted

husband's sexual misconduct and his mistreatment of wife. The court found that wife's conduct was also a contributing factor to the breakdown of the marriage, but to a lesser extent than husband's. The court set aside certain property as separate and divided the marital property as follows:

TO WIFE

| | |
|---|---:|
| 1983 Ford Escort | $ 3,800 |
| Household goods | 500 |
| Personal goods | 250 |
| Cash | 25 |
| Tax Sheltered Annuity | 500 |
| | 5,075 [1] |
| Plus: money due from husband | +6,000 |
| TOTAL | $11,075 |

TO HUSBAND

| | |
|---|---:|
| Horse trailer | $ 300 |
| Two Honda three-wheelers ($2,200 less $1,463 debt) | 737 |
| 1986 Jeep ($13,000 less $11,309 debt) | 1,691 [2] |
| Checking Account | 300 |
| Checking Account | 77 |
| Savings Account | 523 |
| Household goods | 500 |
| Cash on hand | 23 |
| Tax Sheltered Annuity | 800 |
| 8 Apaloosa Horses | 4,800 |
| | 9,752 |
| Less: money owed to wife | (6,000) |
| TOTAL | $ 3,752 |

The court also ordered husband to pay $750 of wife's attorney's fees.

The standard of our review of a court-tried case is enunciated in the oft-cited *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). When there is a conflict in the evidence, the trial court determines the credibility of the witnesses. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983). The judgment of the trial court is to be affirmed under any reasonable theory supported by the evidence. *Id.* Deference is accorded the trial judge even if there is evidence which might support a different conclusion. *Id.*

Husband's sole point on appeal is that the trial court abused its discretion in awarding wife an excessive percentage of the marital property. The record reflects that wife received 75 percent of the marital property in contrast to husband's 25 percent.

■ In dividing marital property, the trial court is required to make a just, not equal, division. *Golleher v. Golleher*, 697 S.W.2d 547, 550–551 (Mo.App.1985). Section 452.330.1, RSMo (1986) [3] lists four non-exclusive factors to be considered in making a just division of marital property. The first factor is the "contribution of each spouse to the acquisition of marital property." In the instant case, wife was employed outside of the home and made a direct monetary contribution toward family expenses. There was evidence that she also helped husband in his horse business.

The next factor is the "value of the property set aside to each spouse." Here, husband was awarded eight Apaloosa horses which the trial court considered to be marital property in addition to several other horses considered to be husband's separate property. These animals were essential to converting husband's business of breeding his own horses into a profitable venture.

■ In addition, the fact that an award by the trial court results in one spouse receiving a considerably larger percentage of the marital assets than the other spouse is not *per se* an abuse of discretion. *Cook v. Cook*, 706 S.W.2d 606, 607–608 (Mo.App. 1986). A percentage is not controlling or meaningful unless it is considered together with the nature and extent of the property divided. *Klenke v. Klenke*, 742 S.W.2d

1. In its amended decree the trial court found that the property awarded to wife totalled $6,475, as reflected by the property division in the original decree. That figure does not comport with values assigned to the items in the original decree. We assume, therefore, that $5,075 is the correct total of that portion of the marital property set aside to wife.

2. Husband disputes the value assigned to the Jeep by the court. The trial court, however, is not bound by husband's valuation of certain property. In her property statement which was admitted into evidence, wife indicated that, after she had filed for dissolution, husband had purchased the Jeep for $13,000.

3. This case was tried under the law as it existed before August 1988.

621, 623 (Mo.App.1987). Here, the marital estate consisted primarily of personal property which had no income producing potential, save perhaps for the horses. The total value of marital property available for distribution was relatively small, less than $15,000.

The third factor to be considered in the division of property is "the economic circumstances of each spouse at the time the division of property is to become effective." In the present action, although the parties' salaries do not appear to be that disparate, husband's salary was almost 19 percent greater than wife's. In addition, for nominal rent, he resided on his parents' farm and kept his horses there. Although the Jeep awarded to husband had a large loan against it which husband was required to pay, the vehicle was relatively new and presumably in good working condition.

The final factor for the court to consider is "the conduct of the parties during the marriage." Here, husband admitted that, prior to the dissolution, he had been involved in a sexual relationship with a fellow employee who, at the time of dissolution, was pregnant with his child. Although husband insists that the affair did not commence until after dissolution proceedings were initiated by wife, there was evidence of his relationship with the other woman from which the trial court could infer marital infidelity prior to the time pinpointed by husband. There also was evidence of husband's anger toward, and mistreatment of, wife. The court specifically found that, in view of husband's "reprehensible conduct ... during the marriage, ..." the award of $6,000 as a cash payment to wife was fair and reasonable. *See Cook*, 706 S.W.2d at 608.

We find no abuse of discretion in the trial court's division of marital property. Husband's point on appeal is denied.

The judgment is affirmed.

DOWD, P.J., and CRIST, J., concur.