**Mary Jean ALLEN,
Petitioner–Respondent,**

v.

**Brown Junior ALLEN,
Respondent–Appellant.**

Nos. 55046, 55166.

Missouri Court of Appeals,
Eastern District,
Division One.

May 23, 1989.

Claude Hanks, Creve Coeur, for respondent-appellant.

Charles M. Shaw, Clayton, for petitioner-respondent.

REINHARD, Judge.

Husband appeals from those portions of a dissolution decree dividing the marital property and awarding wife attorney's fees. We affirm.

Husband and wife were married in September 1977, the petition for dissolution was filed in January 1986, and the decree of dissolution was entered in May 1988. The court awarded husband the parties' residence, a 1977 Ford automobile, all checking and savings accounts in his name and two life insurance policies. Wife was awarded a 1985 Renault automobile, her checking account, her company pension, the furniture and household items, and $5,000 in cash secured by a lien on the residence. The court also awarded wife $1,500 in attorney's fees.

Wife earned approximately $18,000 in 1987, working as a medical equipment assembler. She has been employed by the same company for 15 years; however, she testified she was facing a $4,000 salary cut. Husband is self-employed; he owns Allen's Lounge which he opened over 26 years ago. His income at the time of the dissolution hearing was approximately $6,000 per year.

Husband purchased the residence prior to his marriage to wife, but added wife's name to the deed shortly before the petition for dissolution was filed. Husband and wife both testified that wife urged husband to do this for the past seven to eight years. Husband testified he agreed to add wife's name in an attempt to save the marriage and had he known wife would shortly thereafter seek a divorce, he would not have agreed. Wife testified she had no plans to seek a divorce when her name was added. The trial court accepted husband's $36,000 valuation of the home, set off $20,-000 of the home's value to husband as his separate property and awarded him the remaining $16,000 of the home's value representing marital property. In addition, the court awarded husband's business, Allen's Lounge, to him as separate property.

Wife cited husband's involvement with other women as the cause of the divorce. Husband stated as the cause of the divorce his inability to get along with wife's daughter from a previous marriage.

We must affirm the trial court's judgment unless it is unsupported by substantial evidence, unless it is against the weight of the evidence or unless it erroneously applies or declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 31 (Mo. banc 1976).

We first address husband's point challenging the division of marital property. In this point, husband makes three arguments. First, he argues the trial court erred in failing to consider wife's pension. Second, husband argues the trial court erred in "awarding [wife] an interest in [his] separate property," i.e. the residence. Third, he argues the trial court erred in ordering him to pay wife $5,000 secured by a lien on his residence. The first argument is refuted by the trial court's findings.

The court specifically found that the pension was marital property and awarded it to wife. Thus, the claim that the court failed to consider it is without merit.

As to husband's second argument, it appears to us that husband contends the court erred in failing to set aside to him as separate property the entire value of the residence. The statute requires that the court set off to the parties their separate property and divide the marital property. § 452.330, RSMo 1986. Property acquired prior to marriage is separate property. *Id.* However, the addition of wife's name to the deed on the residence created a tenancy by the entirety, the property thereby becoming presumptively marital. *Anderson v. Anderson*, 605 S.W.2d 524, 526 (Mo.App.1980). Here, while husband's testimony tended to rebut the marital property presumption, wife's testimony to the contrary and other evidence were sufficient to support the trial court's finding that $16,000 of the residence's value represented marital property. *See Tisius v. Tisius*, 643 S.W.2d 842, 843 (Mo.App. 1982).

As to husband's third argument, it is well settled that a court can order cash payments to effect a just division of marital property. *Calia v. Calia*, 624 S.W.2d 870, 872 (Mo.App.1981). Also, the trial court "is vested with considerable discretion in dividing marital property and an appellate court will only interfere if the division is so heavily weighted in favor of one party as to amount to an abuse of discretion." *Metts v. Metts*, 625 S.W.2d 896, 899 (Mo.App.1981). In making the award, the trial court noted, "In arriving at [the $5000] amount, the Court is dividing the marital property into approximately equal shares, given the nature of the assets of the parties." Our review of the entire record reveals that the division of property was roughly equal, and given the amount of property set off to husband, the award can hardly be called an abuse of discretion.

In husband's other point, he contends the trial court erred in awarding wife $1,500 in attorney's fees. We note, once

again, that such an award is discretionary. *Gray v. Gray*, 654 S.W.2d 309, 312 (Mo. App.1983). Here, the award to wife was less than half of the amount of fees she incurred. We find no abuse of discretion.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.