**MAGNA BANK, f/k/a Landmark Bank of St. Charles, Respondent.**

No. 63774.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 10, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 22, 1995.

---

William James O'Herin, Florissant, for appellant.

Brian E. McGovern, McCarthy, Leonard, Kaemmerer, Owen, Laderman & Lamkin, Chesterfield, for respondent.

Before AHRENS, P.J., and KAROHL and CRANE, JJ.

---

**In re the MARRIAGE OF Bobby Glen SMITH and Betty Charlene Smith.**

**Bobby Glen Smith, Petitioner–Appellant,**

and

**Betty Charlene Smith, Respondent–Respondent.**

No. 19561.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 11, 1995.

Motion for Rehearing or Transfer to Supreme Court Denied Feb. 2, 1995.

Application to Transfer Denied
March 21, 1995.

Carl E. Smith, Ava, for petitioner-appellant.

Randy R. Cowherd, William E. Lawrence, Schroff, Glass & Newberry, P.C., Springfield, for respondent-respondent.

PREWITT, Judge.

Appellant contends that the trial court erred in awarding a certificate of deposit and a residence to Respondent as her separate property. He states that the record establishes that these assets were marital. It is undisputed that there was sufficient evidence to establish that these assets were acquired in exchange for assets owned by Respondent prior to the marriage. However, it is also without question that the properties were titled in both parties' names.

Placing certificates of deposit or real property in both spouses' names creates a presumption that a gift was intended to the noncontributing spouse and that the property is to become marital. *Wilson v. Wilson,* 822 S.W.2d 917, 923 (Mo.App.1991); *Tisius v. Tisius,* 643 S.W.2d 842, 843 (Mo.App.1982). "Property acquired after marriage which is placed in joint names is presumed to be marital property, even if one spouse fur-

nished all of the consideration." *Doll v. Doll,* 819 S.W.2d 739, 741 (Mo.App.1991).

When property is placed in joint names during marriage the party contending that the property should remain separate has the burden of showing by clear and convincing evidence that a gift was not intended. *Tisius,* 643 S.W.2d at 843. Where a spouse has caused separate property to be transferred to her and her spouse jointly, self-serving testimony that she did not intend a gift is entitled to little weight. *Stephens v. Stephens,* 842 S.W.2d 909, 914 (Mo.App. 1992).

Here Respondent testified she did not intend to make a gift by putting Appellant's name upon the certificate of deposit or on the deed to the residence. Why his name was placed on them if she did not intend to make a gift is unclear. Respondent testified in regard to the residence that she did so because she was told by "the real estate man" that "he [Appellant] had to sign for me to sell the building." (Tr. 66). She testified that the proceeds reflected in the certificate of deposit came from the sale of the building and "I was under the impression that I had to have him sign for me to sell it so I had to put him on". (Tr. 39 and 40).

Reviewing cases with somewhat similar facts convinces us that Respondent did not overcome her burden of proof and that the property should have been classified as marital. *Cf. Spidle v. Spidle,* 853 S.W.2d 311 (Mo.App.1993); *Stephens, supra; Tracy v. Tracy,* 791 S.W.2d 924 (Mo.App.1990); *Rapp v. Rapp,* 789 S.W.2d 148 (Mo.App.1990).

However, error by the trial court in classifying property is not necessarily prejudicial error. *Spidle,* 853 S.W.2d at 316. This Court is not to reverse a judgment unless error was committed by the trial court against the Appellant materially affecting the merits of the action. Rule 84.13(b).

The trial court is vested with considerable discretion in dividing marital property and this Court interferes only if the division is so unduly weighted as to amount to an abuse of discretion. *Cartwright v. Cartwright,* 707 S.W.2d 469, 474 (Mo.App.

1986). Equal division of property is not required and disproportionate divisions are routinely affirmed. *Mika v. Mika,* 728 S.W.2d 280, 283 (Mo.App.1987). The division does not have to be equal, particularly where one party engaged in misconduct. *In re Marriage of Lindenfelser,* 596 S.W.2d 71, 72 (Mo.App.1980).

Therefore, we move on to discuss whether the trial court's division of the relevant property amounted to an abuse of discretion. There was evidence, although meager, that Appellant had grossly superior earning capacity and that the breakup of the marriage was due to Appellant having a girlfriend and moving in with her.

Under § 452,330, RSMo.Supp.1993, in dividing marital property the court shall consider "all relevant factors including" (1) the economic circumstances of each spouse; (2) the contribution of each spouse to the acquisition of the marital property including the contribution of a spouse as homemaker; (3) the value of the nonmarital property set apart to each spouse; (4) the conduct of the parties during the marriage; and (5) custodial arrangements for minor children. The parties had no minor children.

When we consider these factors in light of the record we cannot say that the trial court abused its discretion in the result reached. Appellant has the burden of demonstrating error by the trial court. *In re Marriage of Brewer,* 592 S.W.2d 529, 532 (Mo.App.1979); *Naeger v. Naeger,* 542 S.W.2d 344, 346 (Mo.App.1976). We conclude that abuse of discretion in dividing and awarding the property has not been established.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.