Denis William **LENGER,** Appellant,

v.

Karla **LENGER,** Respondent.

No. WD 52230.

Missouri Court of Appeals,
Western District.

Jan. 21, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 4, 1997.

Grant W. Smith, Linn, for appellant.

Jean E. Goldstein, Hindman, Scott, Goldstein, Harder & Froman, P.C., Columbia, for respondent.

Before ULRICH, C.J., P.J., and ELLIS and EDWIN H. SMITH, JJ.

ULRICH, Chief Judge.

Denis Lenger (Father) appeals from the decree of dissolution of marriage terminating his marriage to Karla Lenger (Mother). The parties were married seventeen years, and the union produced three children, all minors when the marriage was terminated. Father raises three points on appeal. In Point I, Father contends in three sub-points that the trial court erred in calculating the child support obligation when it: (A) required him to pay for the children's health insurance under Mother's policy in addition to the free health insurance provided through his employment; (B) gave two of the three available tax dependency exemptions to Mother; and (C) did not abate Father's child support obligations during his four-week custodial visitation period with the three children. In Point II, Father claims the trial court erred in dividing the marital property. In Point III, he contends the trial court erred in granting him only four weeks of visitation with his children. The judgment is affirmed.

## FACTS

Denis and Karla Lenger had been married approximately seventeen years before they separated in 1994. The couple have three minor children from the marriage. The Missouri Army National Guard employed Father at a monthly rate of $2,894.00. The United States Department of Agriculture employed Mother at a monthly rate of $2,036.00. The parties elected to insure the children under both health insurance policies offered by their employers: Father's at no cost and Mother's at $58.11 per month. Both parties agreed to do so because the combination of the two policies provided what they considered the best health benefits for their children. The parties built a home and lived in it for thirteen years. The house was valued at $146,000. Both Father and Mother lived in the same community since the separation with Father having alternating weekend and Wednesday visitation with the three children.

The trial court ordered Father to pay $855.00 in child support per month; ordered both parents to provide health insurance offered by both parties' employers for the children and included the premiums of Mother's employer's policy as child support; awarded 58% of the marital property to Mother; permitted Father to designate one child as his dependant; and awarded four weeks of summer visitation with the children to Father.

## STANDARD OF REVIEW

■ The trial court's judgment is affirmed when substantial evidence supports it, it is not against the weight of the evidence, and the lower court correctly declares and applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Appellate courts set aside a lower court's decision only when firmly convinced that the judgment is wrong. *Fulton v. Adams*, 924 S.W.2d 548, 551 (Mo. App.1996).

## I(A). THE TRIAL COURT DID NOT ERR IN REQUIRING FATHER TO PAY ADDITIONAL HEALTH CARE PREMIUMS.

■ Father's first point of appeal under subsection I(A) claims error in the trial court including the cost of the children's health care insurance under Mother's employment in the award of child support. Father contends that to compel him to pay the monthly $58.11 insurance premium is inappropriate because an adequate but less comprehensive health care is provided to the children at no cost under his employer's insurance. Father does not deny the additional insurance is beneficial to the children. No Missouri case or statutory requirement compelling the trial court to engage in this kind of analysis is cited by Father, and research discloses none. The trial court's discretion includes continuing the parents prior plan to maintain the two health insurance policies that together provide the maximum protection for their children. Point I(A) is denied.

## I(B). THE TRIAL COURT DID NOT ERR IN AWARDING THE FATHER ONE OF THREE AVAILABLE TAX DEPENDENCY EXEMPTIONS.

■ Father next contends that the trial court erred in awarding him only one of three available child tax dependency exemptions. He claims the amount of the monthly financial child support the court requires him

to pay entitles him to more. He specifically claims the trial court did not consider tax dependency exemptions when awarding the child support.

■ The trial court has broad discretion in the allocation of the dependent tax exemption. *Hoffman v. Hoffman*, 870 S.W.2d 480, 484 (Mo.App.1994). The record reflects that the lower court considered Father's financial condition, and the court's consideration is specifically reflected in its order providing that Father could claim one child as a dependant if he remained current in his child support obligations. The trial court did not abuse its discretion. Point I(B) is denied.

## I(C). THE TRIAL COURT DID NOT ERR IN NOT ABATING CHILD SUPPORT DURING FATHER'S FOUR-WEEK SUMMER VISITATION.

■ Father seems to argue that the failure to abate child support when the children are in his physical custody during the four-week summer visitation, when coupled with the total financial obligations imposed on him by the trial court, was unfair and an abuse of discretion. Father claims that section 452.340.2 and *Holeyfield v. Holeyfield*, 847 S.W.2d 175 (Mo.App.1993), support the tenant that child support should automatically abate when child visitation is longer than thirty continuous days. Father's argument is without merit. Section 452.340(2) states "[W]here the custodial parent voluntarily relinquishes control of a child to the noncustodial parent for a period in excess of 30 days, the obligation of the noncustodial parent may abate in whole or in part for the period in question." § 452.340(2). Section 452.340(2) relates to the circumstances regarding voluntary relinquishment of custody—not court-ordered visitation. *Gordon v. Gordon*, 924 S.W.2d 529, 534 (Mo.App.1996). Child visitation of four weeks with Father was ordered by the court, and the court is presumed to have considered the visitation ordered when

determining the amount of child support. Point I(C) is denied.

## II. THE TRIAL COURT DID NOT ERR IN AWARDING 58% OF THE MARITAL PROPERTY TO MOTHER.

■ Father's second point claims that the trial court erred in dividing the marital property in a 58% to 42% ratio in favor of Mother. The trial court has considerable discretion in dividing marital property. *Dardick v. Dardick*, 670 S.W.2d 865, 869 (Mo. banc 1984). Division of property by the trial court will be affirmed if it is not unduly weighted in favor of one party so as to constitute an abuse of discretion. *Id.* The trial court's division of property is presumed correct, and Father bears the burden of overcoming this presumption. *Murphy*, 536 S.W.2d at 32. The division of marital property need not be a 50–50 ratio to be equitable. *Dove v. Dove*, 773 S.W.2d 871, 873 (Mo.App.1989).[1] Justifying the award in terms of a percentage of marital assets to the parties alone is not conclusive. The nature and extent of the property to be divided must also be considered. *Zlatic v. Zlatic*, 910 S.W.2d 818, 820 (Mo.App.1995). The house was awarded to Mother. The children are in her physical custody except for visitation periods when they are with Father, including the summer four-week period. The home was the parties' principal asset. The trial court did not abuse its discretion in awarding the house to Mother knowing that the structure would serve as the residence of the children. The "desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children" is a specific factor considered by the trial court when dividing marital property. § 452.330.1(1). The other factors enumerated in section 452.330 do not conflict with the trial court's determination of the property division. Considering the totality of the varied debt and asset allocation,

---

1. Unequal division of marital property has been held proper on appeal. *Whaley v. Whaley*, 805 S.W.2d 681, 682 (Mo.App.1990) (65%–35%); *Hayes v. Hayes*, 792 S.W.2d 428 (Mo.App.1990) (74%–26%); *Dove v. Dove*, 773 S.W.2d 871 (Mo. App.1989) (90.5%–9.5%); *Buchheit v. Buchheit*, 768 S.W.2d 641 (Mo.App.1989) (75%–25%); *Mika v. Mika*, 728 S.W.2d 280 (Mo.App.1987) (84%–16%); *Arp v. Arp*, 572 S.W.2d 232 (Mo. App.1978) (72%–28%); *In re Marriage of Burris*, 557 S.W.2d 917 (Mo.App.1977) (88%–12%). However, various ratios have been held improper. *See, e.g., David Bruce Allen v. Susan L. Allen*, 927 S.W.2d 881 (Mo.App.1996)(40% –60%).

the trial court's allocation of marital property did not abuse its discretion. Point II is denied.

### III. THE TRIAL COURT DID NOT ERR IN LIMITING FATHER TO FOUR WEEKS OF SUMMER VISITATION.

Father's final point of error concerns the trial court's denial of his request for eight weeks of summer visitation. He argues that because he lives four miles from the children and could make proper day care arrangements, limiting his visitation to four weeks was an abuse of the lower court's discretion. The trial court awarded Father visitation with the parties' children on alternate weekends from Friday evening to Sunday evening, alternating Wednesdays, alternating holidays, Father's Day, and four nonconsecutive weeks in the summer unless the parties agree otherwise. The trial court awarded both parents joint legal custody. The record supports the trial court's award. The trial court did not abuse its discretion. Point III is denied.

The judgment of the trial court is affirmed.

All concur.