

# In the Missouri Court of Appeals
# Eastern District
## DIVISION FOUR

| | | |
|---|---|---|
| KATEY L. GIPSON, | ) | No. ED111391 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Audrain County |
| vs. | ) | 19AU-DR00076 |
| | ) | |
| JOSEPH L. GIPSON, | ) | Honorable Jason H. Lamb |
| | ) | |
| Appellant. | ) | Filed: March 5, 2024 |

Before John P. Torbitzky, P.J., James M. Dowd, J., and Michael S. Wright, J.

## Introduction

Appellant Joseph L. Gipson (Husband) appeals the trial court's September 27, 2022, judgment dissolving his marriage to Respondent Katey L. Gipson (Wife). In three points on appeal, Husband claims the trial court erred (1) by dividing the parties' assets and debts inequitably in favor of Wife, (2) by designating as marital debt $18,000.00 owed to Wife's family members, and (3) by finding Husband was not entitled to child support payments from Wife. We affirm in part and reverse in part. We affirm with respect to points two and three and reverse point one and exercise our authority under Rule 84.14 to amend the judgment to reflect that Husband's equalization payment is now $20,672.65 instead of $45,000.00.

## Background

The parties were married on July 24, 2010, and have one child (Daughter) born on January 31, 2011. The parties separated on August 5, 2019, and shared equal parenting time under a temporary custody order until trial.

Trial took place on January 31, 2022, in the Circuit Court of Audrain County, Missouri. After subtracting debts, including $18,000 Wife claimed they owed her parents and grandmother, the court found that of the remaining net marital assets, Husband possessed $41,872.72 and Wife, $527.42. The court then ordered Husband to pay to Wife a cash equalization payment of $45,000 leaving Wife with over 100 percent of the net marital assets.

At the time of trial, Wife was employed by a nearby college earning $5,500 per month and Husband was self-employed hauling scrap metal earning minimum wage of $1,933 per month. The court found Husband chose to work only twenty-five hours per week and has been unemployed or underemployed for much of the last six years. The court awarded the parties joint legal and physical custody of their daughter and denied Husband's request that Wife pay him $365 in monthly child support finding it unjust and inappropriate. This appeal follows.

## Standard of Review

"[T]he decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc. 1976). "The trial court has discretion in dividing marital property, unless is violates *Murphy v. Carron*, or is so one-sided as to be an abuse of discretion." *In re Marriage of Woodson*, 92 S.W.3d 780, 785 (Mo. banc. 2003) (citing *Dardick v. Dardick*, 670 S.W.2d 865, 868 (Mo. banc. 1984)).

**Discussion**

*Point I*

In Point I, Husband alleges the trial court abused its discretion in its division of marital property. We agree and exercise our discretion under Rule 84.14 to "give such judgment as the court ought to give" because application of section 452.330.1's[1] factors does not support awarding Wife over 100 percent of the net marital assets and constitutes an abuse of discretion.

Section 452.330.1 provides that "[i]n a proceeding for dissolution of the marriage or legal separation […] the court shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors including: (1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; (2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker; (3) The value of the nonmarital property set apart to each spouse; (4) The conduct of the parties during the marriage; and (5) Custodial arrangements for minor children.

"As a general proposition, the court's division of marital property should be substantially equal unless one of the statutory factors renders such a division unjust." *Travis v. Travis*, 163 S.W.3d 43, 46-47 (Mo. App. W.D. 2005). "Division of the marital property need not be equal, 'but [division of the marital assets] must be fair and equitable given the circumstances of the case.'" *Id.* (quoting *Jarvis v. Jarvis*, 131 S.W.3d 894, 899 (Mo. App. W.D. 2004)).

---

[1] All statutory references are to the Revised Statutes of Missouri (2020).

In *Deck v. Deck*, 64 S.W.3d 870 (Mo. App. E.D. 2002), this Court upheld an award of over eighty-four percent to the wife in a separation action. *Id*. at 877. There, the husband forced the family to live in bad conditions in a farmhouse, did not allow visitors, was violent, and was uninvolved in the raising of his children which the trial court described as "extreme marital misconduct." *Id*. at 875. Given these circumstances, this Court did not find the trial court abused its discretion. *Id*. at 876.

In *Cook v. Cook*, 706 S.W.2d 606 (Mo. App. E.D. 1986), this Court upheld an award of eighty-six percent to the wife. There, the husband used drugs in front of his daughter, cheated on his wife, and sold marijuana during the marriage. *Id*. at 607. In light of the husband's misconduct, the trial court's judgment was affirmed. *Id*.

With the foregoing in mind, we turn to the facts of this case. Wife has adduced no evidence of the type of marital misconduct that justified the disproportionate award of marital assets in *Deck* and *Cook*. In fact, the trial court found, "Neither party offered credible evidence of intentional spoliation or devaluation by the other that would arise to the level of marital misconduct and cause this [c]ourt to craft an unequal division of marital property and debt." Wife correctly notes that misconduct is only one factor upon which an unequal reward might be justified but it is the factor that weighs most heavily when Missouri courts have upheld wildly unequal asset divisions. Moreover, Wife has not pointed to evidence in the record of any other statutory factor that would justify what the court did here. Therefore, the trial court abused its discretion in making such a disproportionate award of marital assets and we exercise our authority under Rule 84.14 to reduce Husband's equalization payment from $45,000 to $20,672.65, resulting in an equal division of the net marital assets.

4

*Point II*

In Point II, Husband alleges the trial court's decision to declare as marital debt $18,000 Wife claimed the parties owed to her family members was not supported by substantial evidence. We disagree because we defer to the trial court's discretion with regard to the credibility of witness testimony and find that there was sufficient evidence to support the trial court's decision.

"Substantial evidence is evidence that, if believed, has some probative force on each fact necessary to sustain the trial court's judgment." *S.M.S. v. J.B.S.*, 588 S.W.3d 473, 484 (Mo. App. E.D. 2019). "The existence of a loan is heavily dependent on the credibility of the witnesses." *Panettiere v. Panettiere*, 945 S.W.2d 533, 543 (Mo. App. W.D. 2005).

Here, Wife testified to the existence of the $18,000 marital debt owed to her family. Husband, for his part, testified inconsistently on the subject. First, he testified that it was a gift. Then he testified it was a loan they had already repaid. Under our standard of review, and in deference to the trial court's assessment of witness credibility, the record supports the trial court's finding that the loan was a marital debt that remained outstanding and it was therefore proper to credit Wife with the $18,000 for its repayment. *In re Marriage of Elliott*, 179 S.W.3d 323, 326 (Mo. App. S.D. 2005).

Wife relies on *Elliott,* where the wife challenged the trial court's award to husband of a $150,000 debt which decision the court based on husband's testimony that he owed the money, copies of checks written to husband by the creditor, and the creditor's testimony that the checks were not gifts but loans to be repaid by husband. *Id*. at 326. The court of appeals found the trial court's finding supported by the substantial evidence. *Id*. We do the same here.

5

*Point III*

Husband alleges the trial court abused its discretion by improperly denying him the Form 14 presumed child support amount because the trial court rebutted the presumed amount solely based on evidence contained on the Form 14 when additional extrinsic evidence was necessary to rebut the presumed amount. We affirm because the trial court was within its discretion in denying Husband child support.

"The Form 14 worksheet and its directions for completion mandate which items are to be considered in the calculation and constitute a 'formula' for determining the presumed correct child support amount." *Woolridge v. Woolridge*, 915 S.W.2d 372, 379 (Mo. App. W.D. 2002). "[T]he presumed correct child support amount . . . may be rebutted upon a finding that it is unjust or inappropriate after consideration of all relevant factors. *Id*.

"When determining the correct amount of child support, a court or administrative agency shall consider all relevant factors, including all relevant statutory factors." Rule 88.01.[2] Section 452.340 outlines factors to be considered in awarding child support, including the financial resources and needs of the parents and the child's physical and legal custody arrangements. Section 425.340.1(1)-(6). These factors can be considered in finding the Form 14 presumption is unjust and inappropriate. Rule 88.01.

Turning to the record in this case, the trial court did not err in rebutting the Form 14 presumption as unjust and inappropriate. The court considered the parties 50/50 physical custody and that each party is capable of earning sufficient funds to support the child. We do not find the court abused its discretion because these findings are in line with the statutory factors to be considered pursuant to section 452.340.

---

[2] All rule references are to the Missouri Supreme Court Rules (2022).

**Conclusion**

For the foregoing reasons, the trial courts judgment is affirmed in part and reversed in part.

_____
James M. Dowd, Judge

John P. Torbitzky, Presiding Judge and
Michael S. Wright, Judge, concur.